| | |
|---|---|
| Dennis F. Dunne, Esq.     (*pro hac vice* pending) | Tyler P. Brown, Esq.       (VSB No. 28072) |
| Andrew M. Leblanc, Esq.  (*pro hac vice* pending) | Justin F. Paget, Esq.         (VSB No. 77949) |
| Michael W. Price, Esq.    (*pro hac vice* pending) | Jennifer E. Wuebker, Esq.  (VSB No. 91184) |
| Lauren C. Doyle, Esq.     (*pro hac vice* pending) | **HUNTON ANDREWS KURTH LLP** |
| **MILBANK LLP** | Riverfront Plaza, East Tower |
| 55 Hudson Yards | 951 East Byrd Street |
| New York, New York 10001 | Richmond, Virginia 23219 |
| Telephone:    (212) 530-5000 | Telephone:    (804) 788-8200 |
| Facsimile:    (212) 530-5219 | Facsimile:    (804) 788-8218 |

Thomas R. Kreller, Esq.   (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC., | ) | Case No. 20-34656 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4600862 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER HOLDINGS, INC., | ) | Case No. 20-34657 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0843262 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER STORES, INC., | ) | Case No. 20-34658 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4774340 | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| GTRC SERVICES, INC., ) | Case No. 20-34659 (___) |
| Debtor. ) | |
| Tax I.D. No. 27-4709503 ) | |
| In re: ) | Chapter 11 |
| GC BUSINESS SOLUTIONS, INC., ) | Case No. 20-34660 (___) |
| Debtor. ) | |
| Tax I.D. No. 82-3553928 ) | |
| In re: ) | Chapter 11 |
| GUITAR CENTER GIFT CARD COMPANY, LLC, ) | Case No. 20-34655 (___) |
| Debtor. ) | |
| Tax I.D. No. 26-4463370 ) | |
| In re: ) | Chapter 11 |
| MUSIC & ARTS INSTRUCTOR SERVICES, LLC, ) | Case No. 20-34661 (___) |
| Debtor. ) | |
| Tax I.D. No. 47-5057811 ) | |
| In re: ) | Chapter 11 |
| AVDG, LLC, ) | Case No. 20-34662 (___) |
| Debtor. ) | |
| Tax I.D. No. 82-3554440 ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER: (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Preliminary Statement**

1. The Debtors, known for their iconic Hollywood, California, Guitar Center music store and their family of brands, Guitar Center, Music & Arts, Musician's Friend, and Woodwind and Brasswind, are the leading United States retailers of musical instruments and related products and services.

2. The Debtors have commenced these chapter 11 cases to implement a comprehensive restructuring pursuant to a restructuring support agreement and "prepackaged" chapter 11 plan *overwhelmingly supported by stakeholders spanning the Debtors' capital structure, including:*

- holders of **100%** in aggregate principal amount of the Debtors' senior secured superpriority notes;

- holders of over **71%** in aggregate principal amount of the Debtors' senior secured notes;

- holders of **84%** in aggregate principal amount of the Debtors' senior unsecured cash/PIK notes; and

- the holder of substantially all of the Debtors' existing common equity.

3

3.      The restructuring transactions contemplated by the Restructuring Support Agreement[1] and the Plan will allow the Debtors to achieve certain objectives that are critical to their survival: (a) to continue operations without interruption, including minimizing any potential adverse effects to the Debtors' businesses, customers, employees, and trade partners; (b) to consummate an expedient emergence from these cases; and (c) to ensure ample liquidity and emerge with a de-leveraged capital structure well-positioned for future success.  The Debtors believe, and all of their major stakeholders resoundingly concur, that a smooth and fast path to Plan confirmation and emergence from chapter 11 is imperative as the Debtors strive to maximize the value of their operations and maintain their critical relationships with all of their key constituents.  Delay and distraction will jeopardize those objectives.

4.      The restructuring transactions are essential to the Debtors' survival during these difficult times. The Debtors are the largest national omni-channel musical instrument retailer, serving their customers in over 500 brick and mortar locations nationwide and through their direct sales websites.  The Debtors employ approximately 13,000 people[2] and generated over $2.3 billion in revenue in fiscal year 2019.  Prior to the outbreak of the COVID-19 pandemic, the Debtors had been enjoying sustained comparable sales growth over 10 straight quarters.  However, like many retailers, COVID-19 wiped out much of the Debtors' progress.

5.      Despite the implementation of numerous cost saving measures, the liquidity constraints caused by the Debtors' significant debt burden and upcoming maturities, coupled with the economic upheaval created by the persistence of the COVID-19 pandemic, could not be

---

[1]  Capitalized terms used but not otherwise defined in this Motion have the meanings given to such terms in the *Declaration of Tim Martin of Guitar Center, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

[2]  Of the more than 8,750 employees that were furloughed at the peak of the COVID-19 pandemic, as of the Petition Date, only approximately 900 remain furloughed due to ongoing store closures and reduced hours.

4

resolved through short-term measures. By mid-summer 2020, the Debtors were working in earnest on a dual-track process to gauge potential investors' interest in making a new equity investment in Guitar Center and engage with the holders of the Debtors' outstanding funded indebtedness to explore potential long-term solutions to the Debtors' capital structure, hopefully with the benefit of some infusion of new capital.

6. On November 13, 2020, the Debtors and their key stakeholders executed the Restructuring Support Agreement outlining the key terms of the *Joint Pre-Packaged Chapter 11 Plan of Guitar Center, Inc. et al.* and comprehensive debtor in possession financing arrangements. The Restructuring Support Agreement provides for, among other things: (a) an equity infusion of up to $165 million, from a consortium of parties including the Debtors' existing equity sponsor and two co-investors; (b) $375 million in Debtor-In-Possession financing provided by certain of its existing noteholders and ABL lenders; and (c) a capital raise of $335 million in new senior secured notes. The restructuring transactions will reduce the Debtors' overall funded debt burden by over $800 million, while maintaining ordinary course operations and unimpairing all non-funded debt creditors.

7. In accordance with the Restructuring Support Agreement, on November 20, 2020, the Debtors commenced solicitation of votes on the Plan from holders of claims in the two classes of claims entitled to vote—the senior secured noteholder and the senior unsecured cash/PIK noteholders.

8. Contemporaneously with the commencement of these cases, and in addition to the Plan and the disclosure statement for the Plan, the Debtors filed a number of motions seeking different types of "first day" relief. The First Day Motions are designed: (a) to protect and preserve the Debtors' key relationships with its employees, vendors, other supply chain participants, and

5

customers; (b) to provide the Debtors with adequate and readily available liquidity to meet their needs during these cases, which were commenced during the critical holiday selling season; and (c) to establish a prompt and efficient schedule for Plan confirmation that will provide all parties with visibility into and certainty around the Debtors' quick emergence from chapter 11. With the support of the vast majority of its capital structure already in hand, the Debtors believe they are in a prime position to achieve all of these objectives.

## Background

9. On the date of this Motion (the "Petition Date"), each Debtor commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").

10. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11. The Debtors have requested that their cases be consolidated for procedural purposes only and administered jointly. No request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed.

12. A comprehensive description of the Debtors' business and operations, capital structure, and the events leading to the commencement of these cases can be found in the First Day Declaration filed contemporaneously with this Motion and which is incorporated in this Motion by reference.

## Jurisdiction and Venue

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14. The bases for the relief requested in this Motion are section 105(a) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

15. The Debtors consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States Constitution.

## Relief Requested

16. By this Motion, the Debtors seek entry of an order, substantially in the form annexed to this Motion as **Exhibit A**: (a) directing the joint administration of these cases for procedural purposes only; and (b) granting certain related relief.

17. The Debtors request that one file and one docket be maintained for all of the above-captioned cases under the case of Guitar Center, Inc., and that such cases be jointly administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC. *et al.*,[1] | ) | Case No. 20-34656 (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music

& Arts Instructor Services, LLC (7811); and AVDG, LLC (4440). The Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

18. The Debtors request that this Court find that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

19. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each Debtors' case other than the case of Guitar Center, Inc., to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440). The docket in Case No. 20-34656 (___) should be consulted for all matters affecting any of the Debtors.

20. Additionally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees* issued by the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") on a consolidated basis, provided that each such report shall set forth disbursements on a debtor-by-debtor basis.

## Basis for Relief

21. Bankruptcy Rule 1015(b) provides that "the court may order a joint administration of the estates" if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate . . . ." Fed. R. Bankr. P. 1015(b). Local Bankruptcy Rule 1015-1 further provides that

> [i]n all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the

>   trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.  In addition, section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

22.     The Debtors are "affiliates" of one another as that term is defined in section 101(2) of the Bankruptcy Code.  The Bankruptcy Code defines "affiliate" to include, generally, entities standing in a parent-subsidiary-like relationship or sibling entities sharing a common parent.  11 U.S.C. § 101(2)(A)-(D); *In re Reichmann Petroleum Corp.*, 364 B.R. 916, 920 (Bankr. E.D. Tex. 2007).  Here, each Debtor is wholly-owned, either directly or indirectly, by Debtor Guitar Center Holdings, Inc.  First Day Decl. at ¶ 49.  Thus, Bankruptcy Rule 1015 authorizes this Court to order the joint administration of these cases.

23.     The joint administration of these cases will provide significant administrative convenience both to the Debtors and to this Court.  Given the integrated nature of the Debtors' operations, many of the filings, hearings, and orders will affect each Debtor.  Joint administration of these cases will decrease administrative costs by allowing the Debtors to avoid duplicative filings that would be required absent the requested relief.  It will also allow parties in interest to monitor these cases with greater ease and efficiency.

24.     Joint administration of these cases will not harm or otherwise adversely affect any party in interest because this Motion seeks only administrative, and not substantive, consolidation of the Debtors' estates.  Instead, parties in interest will benefit from the cost reductions associated with joint administration.  Accordingly, the Debtors submit that the joint administration of these cases is in the best interests of their estates, their creditors, and all other parties in interest.

25. The benefits of joint administration are broadly recognized, and courts in this district routinely grant the joint administration of cases of multiple related debtors. *See*, *e.g.*, *In re Le Tote, Inc.*, No. 20-33332 (KLP), [Docket No. 72] (Bankr. E.D. Va. Aug. 3, 2020); *In re Ascena Retail Grp., Inc.*, No. 20-33113 (KRH), [Docket No. 50] (Bankr. E.D. Va. July 23, 2020); *In re Intelsat, S.A.*, No. 20-32299 (KLP), [Docket No. 89] (Bankr. E.D. Va. May 15, 2020); *In re Chinos Holdings, Inc.*, No. 20-32181 (KLP), [Docket No. 99] (Bankr. E.D. Va. May 5, 2020); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH), [Docket No. 76] (Bankr. E.D. Va. Feb. 18, 2020); *In re Gymboree Grp., Inc.*, No. 19-30258 (KLP), [Docket No. 60] (Bankr. E.D. Va. Jan. 17, 2019); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP), [Docket No. 78] (Bankr. E.D. Va. Sept. 19, 2017).

26. Based on all of the foregoing, this Court should order the joint administration of the Debtors.

## Waiver of Memorandum of Points and Authorities

27. The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## Notice

28. The Debtors will provide notice of this Motion to: (A) the Office of the United States Trustee, Attn: Kathryn R. Montgomery, Esq.; (B) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (C) counsel to (i) the ABL DIP Agent and (ii) the Term DIP Agent; (D) counsel to the Ad Hoc Group of Noteholders and the Term DIP Lenders; (E) counsel to the Prepetition ABL Agent; (F) counsel to the Sponsor Support Party; (G) counsel to (i) the Brigade Co-Investor and (ii) the Carlyle Co-Investor; (H) counsel to the Trustee under each of (i) the Superpriority Secured Notes Indenture, (ii) the Secured Notes Indenture, (iii) the 2018

Cash/PIK Notes Indenture, and (iv) the 2020 Cash/PIK Notes Indenture; (I) the Securities and Exchange Commission; (J) the Internal Revenue Service; (K) the United States Attorney's Office for the Eastern District of Virginia; (L) the office of the attorneys general for the states in which the Debtors operate; (M) the National Association of Attorneys General; and (N) all other parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

29.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed to this Motion as **Exhibit A**, granting the relief requested in this Motion and such other relief as this Court deems appropriate under the circumstances.

Dated: November 21, 2020  
Richmond, Virginia

/s/ *Tyler P. Brown*  
Tyler P. Brown, Esq.         (VSB No. 28072)  
Justin F. Paget, Esq.         (VSB No. 77949)  
Jennifer E. Wuebker, Esq.    (VSB No. 91184)  
**HUNTON ANDREWS KURTH LLP**  
Riverfront Plaza, East Tower  
951 East Byrd Street  
Richmond, Virginia 23219  
Telephone:    (804) 788-8200  
Facsimile:    (804) 788-8218  
Email:        tpbrown@huntonak.com  
              jpaget@huntonak.com  
              jwuebker@huntonak.com

-and-

Dennis F. Dunne, Esq.      (*pro hac vice* pending)  
Andrew M. Leblanc, Esq.   (*pro hac vice* pending)  
Michael W. Price, Esq.     (*pro hac vice* pending)  
Lauren C. Doyle, Esq.      (*pro hac vice* pending)  
**MILBANK LLP**  
55 Hudson Yards  
New York, New York 10001  
Telephone:    (212) 530-5000  
Facsimile:    (212) 530-5219  
Email:        ddunne@milbank.com  
              aleblanc@milbank.com  
              mprice@milbank.com  
              ldoyle@milbank.com

Thomas R. Kreller, Esq.  (*pro hac* vice pending)  
**MILBANK LLP**  
2029 Century Park East  
33rd Floor  
Los Angeles, California 90067  
Telephone:    (424) 386-4000  
Facsimile:    (213) 629-5063  
Email:        tkreller@milbank.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

| | |
|---|---|
| Dennis F. Dunne, Esq.      (*pro hac vice* pending) | Tyler P. Brown, Esq.       (VSB No. 28072) |
| Andrew M. Leblanc, Esq.  (*pro hac vice* pending) | Justin F. Paget, Esq.         (VSB No. 77949) |
| Michael W. Price, Esq.     (*pro hac vice* pending) | Jennifer E. Wuebker, Esq.  (VSB No. 91184) |
| Lauren C. Doyle, Esq.      (*pro hac vice* pending) | **HUNTON ANDREWS KURTH LLP** |
| **MILBANK LLP** | Riverfront Plaza, East Tower |
| 55 Hudson Yards | 951 East Byrd Street |
| New York, New York 10001 | Richmond, Virginia 23219 |
| Telephone:     (212) 530-5000 | Telephone:     (804) 788-8200 |
| Facsimile:     (212) 530-5219 | Facsimile:     (804) 788-8218 |

Thomas R. Kreller, Esq.   (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:     (424) 386-4000
Facsimile:     (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC., | ) | Case No. 20-34656 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4600862 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER HOLDINGS, INC., | ) | Case No. 20-34657 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-0843262 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER STORES, INC., | ) | Case No. 20-34658 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4774340 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GTRC SERVICES, INC., | ) | Case No. 20-34659 (___) |
| Debtor. | ) | |
| Tax I.D. No. 27-4709503 | ) | |
| In re: | ) | Chapter 11 |
| GC BUSINESS SOLUTIONS, INC., | ) | Case No. 20-34660 (___) |
| Debtor. | ) | |
| Tax I.D. No. 82-3553928 | ) | |
| In re: | ) | Chapter 11 |
| GUITAR CENTER GIFT CARD COMPANY, LLC, | ) | Case No. 20-34655 (___) |
| Debtor. | ) | |
| Tax I.D. No. 26-4463370 | ) | |
| In re: | ) | Chapter 11 |
| MUSIC & ARTS INSTRUCTOR SERVICES, LLC, | ) | Case No. 20-34661 (___) |
| Debtor. | ) | |
| Tax I.D. No. 47-5057811 | ) | |
| In re: | ) | Chapter 11 |
| AVDG, LLC, | ) | Case No. 20-34662 (___) |
| Debtor. | ) | |
| Tax I.D. No. 82-3554440 | ) | |

**ORDER: (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

2

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order: (a) directing the joint administration of the Debtors' cases for procedural purposes only; and (b) granting certain related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the relief sought in the Motion were appropriate under the circumstances and that no other or further notice need be provided; and this Court having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted in this order; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this order (the "Order").

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 20-34656 (___).

3. The caption of the jointly administered cases shall read as follows:

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GUITAR CENTER, INC. *et al.*,[1] | ) ) | Case No. 20-34656 (___) |
| Debtors. | ) ) ) | Jointly Administered |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440).  The Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each Debtor's case other than the case of Guitar Center, Inc., to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440).  The docket in Case No. 20-34656 (___) should be consulted for all matters affecting any of the Debtors.

6. The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these cases.

7. The Debtors are authorized to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11*

4

*Debtors in Possession and Chapter 11 Trustees issued by the Office of the United States Trustee for the Eastern District of Virginia* on a consolidated basis, but the Debtors shall set forth disbursements on a debtor-by-debtor basis in each such operating report.

8. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting substantive consolidation of these cases, and this Order shall be without prejudice to the rights of the Debtors or any other party in interest to seek or oppose substantive consolidation of these cases.

9. Notice of the Motion as provided therein shall be deemed sufficient and no further notice need be given.

10. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of points and authorities in connection with the Motion is waived.

11. The Debtors are authorized to take all actions that are necessary or appropriate to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Tyler P. Brown*

Tyler P. Brown, Esq.        (VSB No. 28072)
Justin F. Paget, Esq.        (VSB No. 77949)
Jennifer E. Wuebker, Esq. (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:    (804) 788-8200
Facsimile:    (804) 788-8218

- and -

Dennis F. Dunne, Esq.    (*pro hac vice* pending)
Andrew M. Leblanc, Esq. (*pro hac vice* pending)
Michael W. Price, Esq.    (*pro hac vice* pending)
Lauren C. Doyle, Esq.    (*pro hac vice* pending)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Thomas R. Kreller, Esq. (*pro hac vice* pending)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063

*Proposed Co-Counsel for Debtors and Debtors in Possession*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Tyler P. Brown*