| | |
|---|---|
| Dennis F. Dunne, Esq.   (admitted *pro hac vice*) | Tyler P. Brown, Esq.   (VSB No. 28072) |
| Andrew M. Leblanc, Esq. (admitted *pro hac vice*) | Justin F. Paget, Esq.    (VSB No. 77949) |
| Michael W. Price, Esq.   (admitted *pro hac vice*) | Jennifer E. Wuebker, Esq. (VSB No. 91184) |
| Lauren C. Doyle, Esq.    (admitted *pro hac vice*) | **HUNTON ANDREWS KURTH LLP** |
| **MILBANK LLP** | Riverfront Plaza, East Tower |
| 55 Hudson Yards | 951 East Byrd Street |
| New York, New York 10001 | Richmond, Virginia 23219 |
| Telephone:     (212) 530-5000 | Telephone:     (804) 788-8200 |
| Facsimile:     (212) 530-5219 | Facsimile:     (804) 788-8218 |

Thomas R. Kreller, Esq.   (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
Telephone:     (424) 386-4000
Facsimile:     (213) 629-5063

*Co-Counsel for the Reorganized Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GUITAR CENTER, INC. *et al.*,[1] | ) | Case No. 20-34656 (KRH) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL DECREE: (I) CLOSING CERTAIN
CHAPTER 11 CASES; AND (II) MODIFYING THE CASE CAPTION**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (the "Reorganized Debtors") for entry of a final decree (this "Final Decree"): (a) closing the Affiliate Cases while leaving open the Remaining Case; and (b) modifying the caption of the Remaining Case, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Guitar Center Holdings, Inc. (3262); Guitar Center, Inc. (0862); Guitar Center Stores, Inc. (4340); GTRC Services, Inc. (9503); GC Business Solutions, Inc. (3928); Guitar Center Gift Card Company, LLC (3370); Music & Arts Instructor Services, LLC (7811); and AVDG, LLC (4440). The Reorganized Debtors' service address is 5795 Lindero Canyon Rd., Westlake Village, CA 91362.

[2] Capitalized terms used but not otherwise defined in this Final Decree have the meanings given to such terms in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, the Debtors' creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the relief sought in the Motion were appropriate under the circumstances and that no other or further notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted in this Final Decree; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth in this Final Decree.

2. Each of the Affiliate Cases identified on **Schedule 1** attached to this Final Decree is hereby closed effective upon entry of this Final Decree, subject to the provisions of paragraph 5 of this Final Decree. The Remaining Case, *In re Guitar Center Holdings, Inc.*, Case No. 20-34657, shall remain open pending further orders of this Court.

3. The Joint Administration Order is hereby modified to provide the following case caption to be used in the Remaining Case going forward:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GUITAR CENTER HOLDINGS, INC.,[1] | ) ) ) | Case No. 20-34657 (KRH) |
| Reorganized Debtor. | ) ) ) ) ) | (Formerly Jointly Administered Under the Lead Case: Guitar Center, Inc., Case No. 20-34656) |

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Guitar Center Holdings, Inc. (3262).

4. The Clerk of the Court shall enter a docket entry, substantially similar to the following, on the docket of each of the Affiliate Cases:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Guitar Center Holdings, Inc., Case No. 20-34657 (KRH). The docket in Case No. 20-34657 should be consulted for all matters affecting this case.

5. Entry of this Final Decree is without prejudice to: (i) the rights of the Reorganized Debtors or any other party in interest to seek to reopen any of the Affiliate Cases for good cause shown in accordance with section 350(b) of the Bankruptcy Code; or (ii) the rights of the Reorganized Debtors to dispute, before this Court or in any appropriate non-bankruptcy forum, all Claims that were or will be filed in any of the Chapter 11 Cases in accordance with the Confirmation Order and the Plan.

6. From and after the date of entry of this Final Decree, all matters or proceedings in respect of any of the Reorganized Debtors' cases or the Reorganized Debtors, whether or not they pertain to the Remaining Case, including any Proofs of Claim, objection to Claims, and fee applications, shall be filed and adjudicated in the Remaining Case without the need to reopen the

Affiliate Cases, and, subject to the terms of the Confirmation Order and the Plan, the Court shall retain jurisdiction over all such matters in accordance with Article X of the Plan.

7. Consistent with the Confirmation Order, the Reorganized Debtors shall be authorized to administer and satisfy the Allowed Claims against Holdings, and the officers of Holdings as of the Effective Date (or such replacements appointed by the Reorganized Debtors) shall remain as officers of Holdings to take all actions in connection with its administration, in each case without further notice to or action, order or approval by the Court or any other Entity.

8. All disbursements made by the seven (7) Reorganized Debtors identified on **Schedule 1** hereto (the "Affiliate Reorganized Debtors") up to the date of entry of this Final Decree shall be included in the calculation of the quarterly fees payable to the Office of the United States Trustee for the Eastern District of Virginia in accordance with 28 U.S.C. § 1930(a)(6), and, to the extent any such quarterly fees remain outstanding, the Reorganized Debtors shall pay them promptly. No disbursements made by any of the Affiliate Reorganized Debtors after the date of entry of this Final Decree shall be included in subsequent calculations of such fees, and no minimum quarterly fees shall be payable in respect of the Affiliate Cases for the periods commencing after entry of this Final Decree.

9. After the date of entry of this Final Decree, no Affiliate Reorganized Debtor shall be obligated to file quarterly operating reports.

10. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (i) an admission as to the amount of, basis for, or validity of any Claim under the Bankruptcy Code or applicable non-bankruptcy law; (ii) a waiver of the rights of the Reorganized Debtors to dispute any Claim on any grounds; (iii) a promise or requirement to pay any Claim; (iv) an assumption, adoption, or

4

rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (v) a waiver of any claims or causes of action which may exist against any entity; or (vi) a waiver or limitation of the rights of the Debtors, the Reorganized Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.  Any failure of the Debtors or Reorganized Debtors to file an objection to any Claim asserted in any Affiliate Case on or prior to the date of entry of this Final Decree shall not constitute allowance of such Claim and shall not result in such Claim being deemed Allowed.  Any objections to Claims asserted in any Affiliate Case may be filed, administered, and adjudicated in the Remaining Case through the applicable deadline set forth in the Plan, as it may be extended from time to time as provided therein.

11. Parties in interest must file a renewed request to receive pleadings and other documents filed in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  Commencing thirty (30) calendar days after the date of this Final Decree, the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 shall be limited to those Entities who have filed such renewed requests (including any Entities that file such renewed requests after such date); provided that the United States Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002 in order to continue to receive documents.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

13. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

14. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Decree.

15. This Court hereby retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Dated: Feb 12 2021
     Richmond, Virginia

/s/ Kevin R Huennekens
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Feb 12 2021

WE ASK FOR THIS:

*/s/  Jennifer E. Wuebker*
  Tyler P. Brown, Esq.     (VSB No. 28072)
  Justin F. Paget, Esq.     (VSB No. 77949)
  Jennifer E. Wuebker, Esq. (VSB No. 91184)
**HUNTON ANDREWS KURTH LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
  Telephone:    (804) 788-8200
  Facsimile:    (804) 788-8218

- and –

  Dennis F. Dunne, Esq.    (admitted *pro hac vice*)
  Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
  Michael W. Price, Esq.    (admitted *pro hac vice*)
  Lauren C. Doyle, Esq.    (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
  Telephone:    (212) 530-5000
  Facsimile:    (212) 530-5219

  Thomas R. Kreller, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
2029 Century Park East
33rd Floor
Los Angeles, California 90067
  Telephone:    (424) 386-4000
  Facsimile:    (213) 629-5063

*Co-Counsel for the Reorganized Debtors*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

     Pursuant to Local Bankruptcy Rule 9022-1(C), I certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                               */s/  Jennifer E. Wuebker*

## Schedule 1

### Affiliate Cases

| Affiliate Case Name | Case No. |
| --- | --- |
| Guitar Center, Inc. | 20-34656 |
| Guitar Center Stores, Inc. | 20-34658 |
| GTRC Services, Inc. | 20-34659 |
| GC Business Solutions, Inc. | 20-34660 |
| Guitar Center Gift Card Company, LLC | 20-34655 |
| Music & Arts Instructor Services, LLC | 20-34661 |
| AVDG, LLC | 20-34662 |