**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GUITAR CENTER HOLDINGS, INC.,[1] | ) ) | Case No. 20-34657 (KRH) |
| Reorganized Debtor. | ) ) ) ) | (Formerly Jointly Administered Under the Lead Case: Guitar Center, Inc., Case No. 20-34656) |

**MOTION OF LANDLORD-CREDITOR**
**PURSUANT TO SECTION 365(d)(3) OF THE BANKRUPTCY CODE**
**TO COMPEL THE PAYMENT OF POST-PETITION OBLIGATIONS**

Elmwood NYT Owner, LLC, Oakwood NYT Owner, LLC, Wallkill NYT Owner, LLC, and Landings NYT Owner, LLC (collectively, "Landlord"), by their counsel, Rosenberg & Estis, P.C. and Williams Mullen, hereby submit this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to section 365(d)(3) of Title 11 of the United States Code (the "Bankruptcy Code"), (i) compelling the above-captioned debtors to promptly perform their obligations under the Lease (as defined below), including, without

---

[1] The Reorganized Debtor in this case, along with the last four digits of the Reorganized Debtor's Federal tax identification number, is Guitar Center Holdings, Inc. (3262).

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
Bennett T. W. Eastham, Esquire (VSB No. 93484)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email:    aepps@williamsmullen.com
              mmueller@williamsmullen.com
              jmclemore@williamsmullen.com
              beastham@williamsmullen.com

*Counsel for Landlord-Creditor Elmwood NYT Owner, LLC, Oakwood NYT Owner, LLC, Wallkill NYT Owner, LLC, and Landings NYT Owner, LLC*

Jack J. Rose, Esquire
ROSENBERG & ESTIS, P.C.
733 Third Avenue
New York, New York 10017
Telephone: (212) 687-6000
Facsimile: (212) 551-8484
Email: jrose@rosenbergestis.com

*Counsel for Landlord-Creditor Elmwood NYT Owner, LLC, Oakwood NYT Owner, LLC, Wallkill NYT Owner, LLC, and Landings NYT Owner, LLC*

limitation, the obligation to pay post-petition monthly rent from the Petition Date (as defined below) through the Date of Rejection (as defined below), and (ii) to the extent that the debtors are unable to satisfy their obligations under section 365(d)(3) of the Bankruptcy Code, granting Landlord an allowed administrative claim for all amounts owed under the Lease from the Petition Date through the Date of Rejection.  In support of the Motion, Landlord respectfully represents:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are §§ 365 and 503 of the Bankruptcy Code.

## BACKGROUND

3.  Guitar Center Stores, Inc. ("GCS") is the tenant under that certain lease dated December 11, 2013 between AI 229 West 43rd Street Property Owner, LLC and GCS (the "Lease"), as amended.  Pursuant to the Lease, GCS leases retail space located at 229 West 43rd Street, New York, New York.  A copy of the Lease is annexed hereto as **Exhibit B**.

4.  Landlord is a successor in interest to AI 229 West 43rd Street Property Owner, LLC. Annexed hereto as **Exhibit C** is a copy of the Bargain and Sale Deed Without Covenant Against Grantor's Acts evidencing the transfer of interest from AI 229 West 43rd Street Property Owner, LLC to Landlord.

5.  On November 21, 2020 (the "Petition Date"), Guitar Center, Inc. and certain of its affiliates, including GCS (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 17, 2020, this Court entered an order [Docket No. 320], among other things, confirming the *Amended Joint Pre-Packaged Chapter 11 Plan of Reorganization of Guitar Center, Inc. et. al.* [Docket No. 282] and approving procedures for the assumption and rejection of executory contracts and unexpired leases.

7. On December 22, 2020, in order to allow the Debtors and Landlord to continue negotiating, the Debtors filed the *Notice of Extension of Time Within Which the Debtors Must Assume or Reject Certain Unexpired Leases of Nonresidential Real Property* [Docket No. 331], pursuant to which Landlord and the Debtors agreed to extend the deadline to assume or reject the Lease to January 15, 2021.

8. The Debtors and Landlord were unable to agree upon terms of an amendment to the Lease, and on January 15, 2021, the Debtors filed the *Third Supplemental Notice of Rejection of Certain Executory Contracts and Unexpired Leases In Connection With Confirmation Of The Amended Joint Pre-Packaged Chapter 11 Plan Of Reorganization* (the "Notice of Rejection") [Docket No. 366], pursuant to which the Lease is to be rejected effective as of February 28, 2021 (the "Date of Rejection").

9. The Debtors have failed to perform their obligations under the Lease, including, without limitation, their obligation to pay post-petition monthly rent.

**RELIEF REQUESTED**

10. By this Motion, Landlord seeks to compel the Debtors to (i) promptly perform all obligations under the Lease, as required under section 365(d)(3) of the Bankruptcy Code, including the payment of all rent and additional rent due for the period from the Petition Date to the Date of

Rejection, and (ii) to the extent that the Debtors are unable to satisfy their post-petition obligations under section 365(d)(3) of the Bankruptcy Code, granting Landlord an allowed administrative claim for all amounts owed under the Lease from the Petition Date through the Date of Rejection.

## BASIS FOR RELIEF

11. Section 365(d)(3) of the Bankruptcy Code provides that:

> The trustee shall timely perform all the obligations of the debtor … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period …

11 U.S.C. § 365(d)(3).

12. The purpose of section 365(d)(3) of the Bankruptcy Code is to relieve "the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." *In re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 692 (S.D.N.Y. 1999); *see also In re Circuit City Stores, Inc.*, 447 B.R. 475, 506 (Bankr. E.D.Va. 2009) (noting that Congress enacted section 365(d)(3) to mitigate unjustified costs on landlords).

13. In enacting section 365(d)(3), Congress intended to prevent the injustice of landlords providing forced and uncompensated services to debtors or trustees and made it clear that a debtor may not continue to occupy nonresidential real property without paying the landlord the contract rent for the post-petition, pre-rejection period. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3d Cir. 2001) ("… Congress intended that the debtor in possession perform all the obligations … at the time required in the lease."); *In re Pudgie's Development of NY, Inc.*, 239 B.R. at 694 (holding that "[t]he legislative history of the statute also supports

requiring immediate payment of lease obligations because it demonstrates Congress's intent to provide landlords with protection during the post-petition, pre-rejection time period").

14. Indeed, Senator Hatch observed if a debtor-tenant stops making payment:

> The landlord is forced to provide current services—the use of its property, utilities, security, and other services—without current payment. No other creditor is put in this position. In addition, the other tenants often must increase their common area charges payments to compensate for the trustee's failure to make the required payments for the debtor.

130 Cong. Rec. S8891, 8895 (daily ed. June 29, 1984) (remarks of Senator Hatch), *reprinted in* 1984 U.S.C.C.A.N. 590, 598–99.

15. Therefore, section 365(d)(3) requires the Debtors to pay all post-petition obligations under the Lease, as they become due. The Debtors, however, have failed to do so. As a result, the Debtors should be compelled to satisfy their post-petition obligations from the Petition Date through the Date of Rejection. Attached hereto as **Exhibit D** is a ledger for the Lease obligations that remain due and owing to Landlord from the Debtors.

16. At a minimum and to the extent that the Debtors are unable to satisfy their obligations under section 365(d)(3) for any reason, this Court should grant Landlord an allowed administrative claim for all amounts owed under the Lease from the Petition Date through the Date of Rejection. *See In re Pier 1 Imports, Inc.*, 615 B.R. 196, 202 (Bankr. E.D.Va. 2020) ("… to the extent that the Debtors are obligated to pay rent and fail to timely pay such rent, the Lessors are entitled to an administrative expense claim."); *In re BH S&F Holdings LLC*, 401 B.R. 96, 103 (Bankr. S.D.N.Y. 2009) ("If a debtor violates section 365(d)(3), courts will usually treat the unpaid obligations as "automatic" administrative expenses that are "independent of section 503(b).").

## NO PRIOR REQUEST

17.     Landlord submits that no prior motion for the relief requested herein has been made to this or any other Court.

## NOTICE

18.     Notice of this Motion will be provided to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division; and (iii) all parties having filed a request for notice in these cases pursuant to Fed. R. Bankr. P. 2002.

## RESERVATION OF RIGHTS

19.     Landlord reserves the right to supplement, amend, or otherwise modify this Motion to, among other things, claim additional amounts arising from or related to the Lease as obligations payable as administrative expenses under section 365(d)(3) of the Bankruptcy Code and/or under section 503(b) of the Bankruptcy Code, as applicable.  Nothing herein shall be considered a waiver or release of any rights, claims or defenses that Landlord may have against anyone, including, but not limited, to any Debtor and/or the Debtors.

## CONCLUSION

20.     Based upon the foregoing, Landlord respectfully submits that the Debtors must promptly pay their post-petition obligations due under the Lease and, to the extent the Debtors cannot pay such obligations, Landlord should be allowed an administrative claim for all amounts owed under the Lease from the Petition Date through the Date of Rejection.

**WHEREFORE**, Landlord respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated: February 25, 2021

ELMWOOD NYT OWNER, LLC, OAKWOOD NYT OWNER, LLC, WALLKILL NYT OWNER, LLC, AND LANDINGS NYT OWNER, LLC

By:   /s/ Jennifer M. McLemore
Augustus C. Epps, Jr., Esquire
Michael D. Mueller, Esquire
Jennifer M. McLemore, Esquire
Bennett T. W. Eastham, Esquire
WILLIAMS MULLEN
200 South 10th, Street, Suite 1600
Richmond, Virginia 23219-3095
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: aepps@williamsmullen.com
      mmueller@williamsmullen.com
      jmclemore@williamsmullen.com
      beastham@williamsmullen.com

-and-

Jack J. Rose, Esquire
Rosenberg & Estis, P.C.
733 Third Avenue
New York, New York 10017
Telephone: (212) 687-6000
Facsimile: (212) 551-8484
Email: jrose@rosenbergestis.com

*Counsel for Landlord-Creditor Elmwood NYT Owner, LLC, Oakwood NYT Owner, LLC, Wallkill NYT Owner, LLC, and Landings NYT Owner, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day February 2021, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by email on the Core/2002 List, in the form attached hereto as **Exhibit E**, where an email address is indicated and by U.S. First Class Mail to the recipients where only a mailing address is indicated.

                                                              /s/ Jennifer M. McLemore
                                                              Jennifer M. McLemore

44588835_1